ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: APR 1 0 2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA         :     SEALED INDICTMENT

       - v. -                  :     19 Cr. ___

GORDON FREEDMAN,                 :     **19 CRIM 249**

            Defendant.        :

- - - - - - - - - - - - - - - - x

## COUNTS ONE THROUGH FIFTEEN

The Grand Jury charges:

1. At all times relevant to this Indictment, GORDON FREEDMAN, the defendant, was a doctor licensed to prescribe controlled substances. FREEDMAN worked at and owned a private pain-management office on the Upper East Side of Manhattan, among other locations, and was an Associate Clinical Professor at a large hospital in Manhattan.

2. From in or about 2013 through in or about May 2017, GORDON FREEDMAN, the defendant, prescribed numerous controlled substances, including fentanyl, hydromorphone, morphine, oxycodone, and oxymorphone, for a particular patient ("Patient-1").

3. From in or about 2013 through in or about May 2017, GORDON FREEDMAN, the defendant, prescribed Patient-1 approximately 231,467 oxycodone pills containing a total of approximately 7,097,185 milligrams ("mg") of oxycodone. In 2013

alone, FREEDMAN prescribed Patient-1 approximately 85,427 oxycodone pills--an average of approximately 234 oxycodone pills per day--containing a total of approximately 2,422,435 mg of oxycodone. The vast majority of the oxycodone prescriptions that FREEDMAN wrote for Patient-1 were not issued for a legitimate medical purpose in the usual course of sound professional practice.

4. At all times relevant to this Indictment, the Food and Drug Administration ("FDA") has classified certain fentanyl-based, rapid-onset opioids as Transmucosal Immediate Release Fentanyl ("TIRF") products. Because of the risk of misuse, abuse, and addiction associated with TIRF products, the FDA requires practitioners to undergo training and testing before prescribing TIRF products for outpatient use.

5. From in or about 2013 through in or about May 2017, GORDON FREEDMAN, the defendant, prescribed Patient-1 TIRF products containing a total of approximately 28,389,200 micrograms ("mcg") of fentanyl. The vast majority of the prescriptions containing fentanyl that FREEDMAN wrote for Patient-1 were not issued for a legitimate medical purpose in the usual course of sound professional practice.

6. On or about April 13, 2017, GORDON FREEDMAN, the defendant, gave Patient-1 prescriptions for approximately 150

2

doses of a TIRF product containing approximately 1,600 mcg of fentanyl per dose ("TIRF Product-1"), and for approximately 950 oxycodone pills containing approximately 30 mg of oxycodone per pill. On or about May 4, 2017, Patient-1 died of a fentanyl overdose after ingesting a quantity of TIRF Product-1.

Statutory Allegations

7. On or about the dates set forth in the chart in paragraph 8 below, in the Southern District of New York and elsewhere, GORDON FREEDMAN, the defendant, intentionally and knowingly distributed and possessed with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

8. The controlled substances involved in the offenses were quantities of mixtures and substances containing a detectable amount of the controlled substances set forth in the chart below:

| Count | Approximate Date | Controlled Substance |
|---|---|---|
| One | May 5, 2014 | Fentanyl |
| | | Oxycodone |
| Two | June 11, 2014 | Fentanyl |
| | | Oxycodone |
| Three | August 13, 2014 | Fentanyl |
| | | Oxycodone |
| Four | September 8, 2014 | Fentanyl |
| | | Oxycodone |
| Five | October 28, 2014 | Fentanyl |
| | | Oxycodone |

3

| Count | Approximate Date | Controlled Substance |
|---|---|---|
| Six | January 2, 2015 | Fentanyl |
| | | Oxycodone |
| Seven | July 24, 2015 | Fentanyl |
| | | Oxycodone |
| Eight | September 17, 2015 | Fentanyl |
| | | Oxycodone |
| Nine | September 28, 2015 | Fentanyl |
| | | Oxycodone |
| Ten | November 30, 2015 | Fentanyl |
| | | Oxycodone |
| Eleven | March 24, 2016 | Fentanyl |
| | | Oxycodone |
| Twelve | July 18, 2016 | Fentanyl |
| | | Oxycodone |
| Thirteen | August 8, 2016 | Fentanyl |
| | | Oxycodone |
| Fourteen | November 9, 2016 | Fentanyl |
| | | Oxycodone |
| | | Oxymorphone |
| Fifteen | March 27, 2017 | Fentanyl |
| | | Morphine |
| | | Oxycodone |

(Title 21, United States Code, Sections 812, 841(a)(1), and (b)(1)(C); Title 18, United States Code, Section 2.)

COUNT SIXTEEN

The Grand Jury further charges:

9. The allegations set forth in paragraphs 1 through 6 of this Indictment are repeated and realleged as if fully set forth herein.

10. On or about April 13, 2017, in the Southern District of New York and elsewhere, GORDON FREEDMAN, the defendant,

4

intentionally and knowingly distributed and possessed with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

11. The controlled substances involved in the offense were (i) a quantity of mixtures and substances containing a detectable amount of fentanyl, and (ii) a quantity of mixtures and substances containing a detectable amount of oxycodone, in violation of Title 21, United States Code, Section 841(b)(1)(C).

12. The use of one such controlled substance--to wit, fentanyl--resulted in Patient-1's death in New York, New York, on or about May 4, 2017.

(Title 21, United States Code, Section 812, 841(a)(1), and (b)(1)(C); Title 18, United States Code, Section 2.)

## FORFEITURE ALLEGATIONS

13. As a result of committing the offenses alleged in Counts One through Sixteen of this Indictment, GORDON FREEDMAN, the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offenses and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offenses, including but not limited to a sum of money in United States

currency representing the amount of proceeds traceable to the commission of said offenses.

### Substitute Assets Provision

14. If any of the above-described forfeitable property, as a result of any act or omission of GORDON FREEDMAN, the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Section 853.)

_____  
Foreperson

_____  
GEOFFREY S. BERMAN  
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

v.

**GORDON FREEDMAN,**

**Defendant.**

---

**INDICTMENT**

19 Cr. ____

(21 U.S.C. §§ 812, 841(a)(1) and (b)(1)(C);
18 U.S.C. § 2.)

---

GEOFFREY S. BERMAN
United States Attorney

*[signature]* Foreperson.

*ARREST WARRANT
SEALED INDICTMENT
4/10/19 Judge NETBURN*